IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CASE NO. 2:14-CV-01031-WCB |
| | § § | CONSOLIDATED |
| ARUBA NETWORKS, INC., | § § | |
| *Defendant.* | § § | |

## CLAIM CONSTRUCTION MEMORANDUM OPINION AND ORDER

In this consolidated action, the plaintiffs and the only remaining defendant ADTRAN, Inc., have submitted for the Court's consideration their views as to the proper construction of the disputed claim terms in United States Patent No. 7,110,744 ("the '744 patent"), owned jointly by the plaintiffs. After considering the arguments made by the parties in their claim construction briefing (Dkt. Nos. 98, 102, and 104) and in a telephonic claim construction hearing held on September 11, 2015, the Court issues this Claim Construction Memorandum Opinion and Order.

### I. BACKGROUND

The '744 patent, entitled "Communication and Proximity Authorization Systems," relates to systems and "communication units" for allowing various devices to communicate with a public communication system such as the Internet through wireless communication links when the devices are within a certain distance from the claimed communication units or systems. Claim 18 is the only claim at issue here. It reads as follows:

18. A communication unit connected to a public communication system, the communication unit capable of detecting a plurality of wireless devices and servicing each of the plurality of wireless devices by providing access to the public communication system when the wireless devices are within a predetermined proximity distance from the communication unit, the communication unit comprising:

a multiple channel wireless transceiver unit in communication with a multiplex unit,

the multiple channel wireless transceiver unit and the multiplex unit cooperating to receive data from and transmit data to each of the plurality of wireless devices so as to provide access to the public communication system for each of the plurality of the wireless devices when each of the wireless devices is within a predetermined proximity distance from the wireless transceiver,

the multiple channel wireless transceiver simultaneously communicating with at least two wireless devices with different types of low power communication signals.

## II. DISCUSSION

Two claims terms are in dispute between the parties: "predetermined proximity distance" and "the multiple channel wireless transceiver."[1] The Court previously construed both terms in a related case. See Dkt. No. 123, Freeny v. Apple Inc., No. 2:13-cv-361. The plaintiffs propose that the Court adopt the same constructions in this case, while the defendant objects to the Court's prior constructions of both terms.

**1.** "**Predetermined Proximity Distance**"

The term "predetermined proximity distance" appears in the clause "when each of the wireless devices is within a predetermined proximity distance from the wireless transceiver."

---

[1] The plaintiffs list five disputed claim terms in their opening claim construction brief. See Dkt. No. 98. In the responsive claim construction brief, the defendant disputes the construction of three of those claim terms: "predetermined proximity distance"; "the multiple channel wireless transceiver"; and "the multiple channel wireless transceiver simultaneously communicating with at least two wireless devices with different types of low power communication signals." See Dkt. No. 102. The defendant's arguments with respect to the latter two claim terms, however, are essentially the same. The Court thus combines the analysis of those two terms together.

The Court previously construed "predetermined proximity distance" to mean "the distance over which the communications are intended to be capable of traveling." The defendant contends that the term should instead be construed as "a distance corresponding to a signal strength value selected in advance."

The defendant interprets the Court's previous construction to mean "the intended range of the communications signal," in other words, how far a wireless communication signal can physically be transmitted. The defendant argues that the maximum transmission range of a wireless signal depends on environmental conditions external to the communication unit, and thus the range cannot be "predetermined." In addition, the defendant points to certain embodiments in the patent in which a multiple channel wireless transceiver is programmed to detect two predetermined proximity distances, one greater than the other. The defendant contends that such embodiments are evidence that "a predetermined proximity distance" cannot be a single, overall range of the wireless signal.

The defendant misunderstands the Court's previous construction. The Court did not interpret a "predetermined proximity distance" to mean a single, overall range of the wireless signal; in fact, it rejected a proposed construction that required that the proximity distance be "fixed." See Dkt. No. 123, at 4 in case No. 2:13-cv-361. As the Court explained, the proper construction of "predetermined proximity distance" should incorporate the concept that a communication distance is selected in advance such that communication between the transceiver and the wireless device can occur over that distance. Id. The preselected distance may range from several hundred feet to several feet—sometimes approximating, and sometimes much less than, the maximum transmission range of the wireless signal. See, e.g., '744 patent, col. 7, ll. 4-

8 ("The infrared transceiver units are connected to a multiple channel Infrared antenna capable of communicating with multiple wireless devices up to at least a predetermined proximity distance such as a hundred feet."); id., col. 13, ll. 42-56 ("For example, the first proximity distance can be 500 feet and the second proximity distance can be set close [to] say 20 feet."). What is important is that such a distance be "predetermined," or selected in advance, not that the distance should equal the maximum transmission range of the wireless signal, as the defendant mistakenly believes. To clarify the claim construction in a manner that will address this misconception, the Court re-construes the term "predetermined proximity distance" to mean simply: **"a distance selected in advance."[2]**

The defendant further argues that a "predetermined proximity distance" should correspond to "a signal strength value selected in advance," because the multiple channel wireless transceiver uses signal strengths to determine whether a wireless device is within a "predetermined proximity distance." It is true that the patent describes the multiple channel wireless transceiver as relying on signal strengths to detect the distance between itself and the wireless device.[3] See, e.g., '744 patent, col. 13, ll. 42-46 ("[T]he multiple channel wireless transceiver detects the first signal strength in response to the wireless device being within a first proximity distance from the multiple channel wireless transceiver . . ."). However, both the

---

[2] It is not entirely clear that the term "predetermined proximity distance" even needs construction. If the term had simply read "predetermined distance," its meaning would be clear even without construction. The word "proximity" makes the phrase more cumbersome, but does not change its meaning, since in context it is clear that the word "proximity" is just another way of expressing the concept that the wireless device is within a particular distance from the communication unit or the wireless transceiver.

[3] The plaintiffs acknowledged during the claim construction hearing that, aside from using signal strengths, the patent does not disclose any other method for a multiple channel wireless transceiver to detect the distance between itself and a wireless device.

claim language and the written description clearly state that it is the "distance" that must be selected in advance; nothing in the patent supports the defendant's proposition that a signal strength value is also selected in advance. Thus, the defendant's proposed construction is inconsistent with the intrinsic evidence.

In sum, for the sake of clarity the Court re-construes the term "predetermined proximity distance" to mean **"a distance selected in advance."** The Court rejects the defendant's remaining arguments with respect to this claim term.

### 2. "The Multiple Channel Wireless Transceiver"

Claim 18 discloses a communication unit comprising "a multiple channel wireless transceiver unit" in communication with a multiplex unit. The claim further describes "the multiple channel wireless transceiver unit" as cooperating with the multiplex unit to receive data from and transmit data to each of the plurality of wireless devices. The term "the multiple channel wireless transceiver" appears only in the last clause of claim 18, which provides: "the multiple channel wireless transceiver simultaneously communicating with at least two wireless devices with different types of low power communication signals."

The Court previously construed "the multiple channel wireless transceiver" to mean "the multiple channel wireless transceiver unit," as that term is used in the preceding sentences. The plaintiffs propose the same construction here, while the defendant argues that "the multiple channel wireless transceiver" is indefinite for lack of a proper antecedent basis. According to the defendant, a "multiple channel wireless transceiver unit" is different from a "multiple channel wireless transceiver," because a transceiver unit may contain a plurality of individual transceivers. Thus, the defendant contends that one reading the last clause of claim 18 cannot

ascertain whether "the multiple channel wireless transceiver" refers to an individual transceiver or refers to the transceiver unit recited in the preceding sentences which consists of multiple transceivers. The Court disagrees.

First, the patent defines a "multiple channel wireless transceiver" as a "multiple signal frequency transceiver transaction unit," or "a multiple signal type transaction authorization unit." See '744 patent, col. 1, ll. 61-63; col. 6, ll. 49-51. Because a "multiple channel wireless transceiver" may itself constitute a "unit," a "multiple channel wireless transceiver" is not necessarily different from a "multiple channel wireless transceiver unit."

Second, the patent discloses that a "multiple channel wireless transceiver" and a "multiple channel wireless transceiver unit" each may contain a plurality of wireless transceivers. See '744 patent, col. 12, ll. 37-41 ("The multiple channel wireless transceiver of the AWAU is provided with a plurality of wireless transceivers."); claim 4 ("wherein the multiple channel wireless transceiver unit, further comprises a plurality of wireless transceivers . . ."). Neither term is described as consisting only of an individual transceiver. Thus, contrary to the defendant's assertion, one reading the last clause of claim 18 would understand that "the multiple channel wireless transceiver" is not limited to a single transceiver; rather, like the "multiple channel wireless transceiver unit," it may contain multiple transceivers.

Finally, the word "the" in the term "the multiple channel wireless transceiver" indicates that the antecedent basis for that term appears earlier in the claim. Because the patent defines a "multiple channel wireless transceiver" as a unit, and the intrinsic evidence does not support the alleged difference between a "multiple channel wireless transceiver unit" and a "multiple channel wireless transceiver," the Court finds that the former term is the proper antecedent for

the latter. While the failure to use the word "unit" in connection with the term "multiple channel wireless transceiver" in the last clause of claim 18 may reflect poor patent drafting practice or just carelessness, the context makes it quite clear that the "multiple channel wireless transceiver" recited in that clause refers to the "multiple channel wireless transceiver unit" recited earlier in the claim. Accordingly, the Court follows the construction that it adopted in <u>Freeny v. Apple Inc.</u> and construes "the multiple channel wireless transceiver" to mean **"the multiple channel wireless transceiver unit."**

It is so ORDERED.

SIGNED this 29th day of September, 2015.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE